McKinney, J.,
delivered the opinion of the Court.
This was an action of debt upon a note under seal, alleged to have been executed by Barton to Trent, and by the latter transferred, by delivery, to Cope. The suit was instituted in the name of Trent, the payee, for Cope's use. The defendant pleaded the general plea of non est factum. Verdict and judgment were for the plaintiff, and the case is brought here by an appeal in error.
On the trial, the deposition of William Trent, the payee, and nominal plaintiff on the record, was offered as evidence for the plaintiff, to disprove the plea of non est factum, which *169 was the only defence relied on; and the deposition of Margaret Trent, wife of said William Trent, was also offered as evidence for the plaintiff. To the reading of these depositions as evidence to the jury, a general objection was urged by the defendant — not specifying the ground of exception. This objection was overruled, and the evidence was admitted. In this, it is alleged the Court erred.
Prior to the adoption of the Code, it was settled by repeated adjudications of this Court, that the party in tvhose name a suit was brought for the use of another, could not be a witness in favor of the beneficiary. 7 Yer., 297; 6 Hum., 405; 9 Yer., 480. But it is insisted that this rule is abrogated by sec. 3810 of the Code, which is as follows: “A nominal plaintiff, or naked trustee, shall not he incompetent as a witness on account of his being a party to the record.” The meaning of this provision is obvious enough. The intention was simply this, that a person having no legal interest in the subject matter of the suit, should not be held incompetent as a witness on the mere technical and abstract ground of his name being used as a party on the record.
If this be a correct exposition of the provision of the Code, the objection to the competency of Trent, the payee in the note, is not obviated thereby. This is obvious from the very nature of the issue made in the case, which impeaches the genuineness of the note sued on.
It is certainly true, that a party who transfers a note to another by mere delivery, without indorsement, is not liable —in the absence of fraud or special undertaking — though the note turn out to be of no value, by reason of the insolvency of the maker. But although he does not, in general, warrant the solvency of the maker of the note, yet it is well settled that he does warrant that the note is not forged or fictitious. Byles on Bills, (4th Am. ed.) 224, 227, top; Story on Prom. Notes, sec. 118.
It is true that this is merely an implied warranty; still, it is of no less force than if it were express.
Inasmuch, then, as the genuineness of the note is directly *170 in issue by the defendant’s plea of non est factum; and as Trent would be liable on his implied warranty, in the event of the plaintiff’s failure to recover, it is clear that he is incompetent, on the ground of interest, as well upon general principles, as under the provision of the Code.
It is true, that, by the terms of the transfer, Trent might have exempted himself from this liability which the law casts upon him, but this he neglected to do. The in competency might also have been removed by a release from the plaintiff; but no such release was given. The mere statement of Trent, in his deposition, that he has no interest in the event of the suit, goes for nothing except to show his ignorance of the legal liability resting upon him.
Eut it is urged by the defendant in error, that the question of the competency of Trent, cannot be considered as properly arising under our practice — the objection to the deposition being general.
The deposition was taken without cross-examination. There was no exception taken until the deposition was offered in evidence on the trial, when, as appears from the bill of exceptions, the defendant “ excepted to the reading of the deposition.”
By the uniform course of decision of this Court, an objection to the competency of a witness is available upon a general exception to his deposition. 10 Hum., 16; 1 Swan, 57; Id. 333; 2 Sneed, 637, 645.
And the omission to except to the competency of the witness, at the time of taking the deposition, does not preclude the party from doing so at the trial.
It is scarcely necessary to observe, that Trent being incompetent as a witness, his wife was equally so.
The judgment will be reversed, and the case remanded for a new trial.